UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80130-CR-RYSKAMP
(Hopkins)

18 U.S.C. § 1349
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)

UNITED STATES OF AMERICA

vs.

JAKISHA FERGUS and
NATALIE UNDERWOOD,

Defendants.
_____/

FILED by _____ D.C.

JUL 12 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - FT. LAUD.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1. The Social Security Administration ("SSA") administered federally funded retirement and disability programs, pursuant to which program beneficiaries ("social security beneficiaries") received monthly benefits ("social security benefits"). Social security beneficiaries could have their social security benefits electronically deposited into a checking or savings account, sent to their homes via check through the United States mail, or electronically deposited on direct express debit cards.

2. Comerica Bank was a subsidiary of Comerica Incorporated, a financial services company headquartered in Dallas, Texas. Comerica Bank issued direct express debit cards to social security beneficiaries.

1

3. Bank of America Corporation ("Bank of America") was an international financial services company, which has its principal executive offices in Charlotte, North Carolina. Bank of America has about 17,250 automated teller machines across the United States, from which individuals can withdraw cash by using debit cards.

## COUNT 1
### Conspiracy to Commit Mail and Wire Fraud
### (18 U.S.C. § 1349)

4. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein:

5. From in or around November 2010, and continuing through in or around February 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**JAKISHA FERGUS
and
NATALIE UNDERWOOD,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury:

    a. to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and to knowingly cause to be delivered by the United States Postal Service any matter and thing, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341; and

    b. to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were

false and fraudulent when made, and transmitting and causing to be transmitted certain wire communications in interstate commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

6. The object of the conspiracy was for the defendants to unjustly enrich themselves by fraudulently obtaining social security benefits to which they were not entitled.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the object of the conspiracy included, among others, the following:

7. **JAKISHA FERGUS** and **NATALIE UNDERWOOD** unlawfully acquired the personal identifying information of numerous victims, including the victims' names and social security numbers.

8. Victims' social security benefits were unlawfully diverted to direct express debit cards, including those issued by Comerica Bank, via the Internet and telephone.

9. The banks issuing the direct express debit cards, including Comerica Bank, were directed to mail the cards to addresses from which **JAKISHA FERGUS** and **NATALIE UNDERWOOD** could obtain the cards.

10. After obtaining the direct express debit cards, **JAKISHA FERGUS, NATALIE UNDERWOOD**, and others used the direct express debit cards to make cash withdrawals from automated teller machines, including those owned and operated by Bank of America.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### Access Device Fraud
### (18 U.S.C. § 1029(a)(3))

11. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein:

12. On or about February 10, 2012, in Palm Beach County, in the Southern District of Florida, the defendants,

**JAKISHA FERGUS
and
NATALIE UNDERWOOD,**

did knowingly and with intent to defraud possess fifteen or more unauthorized access devices, affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNTS 3-7
### Aggravated Identity Theft
### (18 U.S.C. §§ 1028A(a)(1))

13. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein:

14. On or about February 10, 2012, in Palm Beach County, in the Southern District of Florida, the defendants,

**JAKISHA FERGUS
and
NATALIE UNDERWOOD,**

during and in relation to a felony violation of Title 18, United States Code, Section 1349, that is, conspiracy to commit mail and wire fraud as set forth in Count 1 of this Indictment, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, a Social Security Number, as specified below:

4

| Count | Person | Social Security Number |
|-------|--------|------------------------|
| 3 | H.S. | XXX-XX-1387 |
| 4 | Q.G. | XXX-XX-3819 |
| 5 | D.P. | XXX-XX-2086 |
| 6 | S.K. | XXX-XX-2260 |
| 7 | A.F. | XXX-XX-7909 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

                                                A TRUE BILL

_____

WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____

STRIDER L. DICKSON
ASSISTANT U.S. ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| JAKISHA FERGUS and<br>NATALIE UNDERWOOD, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendants.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

New Defendant(s)      Yes ____   No ____
Number of New Defendants ____
Total number of counts ____

____ Miami    ____ Key West
____ FTL    _X_ WPB    ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    _No_
   List language and/or dialect    _____

4. This case will take   _7_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                    (Check only one)

   I    0 to 5 days    ____                Petty       ____
   II   6 to 10 days   _X_                 Minor       ____
   III  11 to 20 days  ____                Misdem.     ____
   IV   21 to 60 days  ____                Felony      _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)   _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ____ Yes    _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ____ Yes    _X_ No

_____
STRIDER L. DICKSON
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. A5501170

*Penalty Sheet(s) attached                                                REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>JAKISHA FERGUS</u>

**Case No:** _____

Count 1:

<u>Conspiracy to Commit Mail and Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\*Max. Penalty:** 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine

Count 2:

<u>Access Device Fraud</u>

<u>Title 18, United States Code, Section 1029(a)(3)</u>

**\*Max. Penalty:** 10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine

Counts 3-7:

<u>Aggravated Identity Theft</u>

<u>Title 18, United States Code, Section 1028A</u>

**\*Max. Penalty:** 2 Years' Imprisonment, Consecutive to Any Other Sentence; 1 Year Supervised Release; $250,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** NATALIE UNDERWOOD

**Case No:**_____

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**    20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine

Count 2:

Access Device Fraud

Title 18, United States Code, Section 1029(a)(3)

**\*Max. Penalty:**    10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine

Counts 3-7:

Aggravated Identity Theft

Title 18, United States Code, Section 1028A

**\*Max. Penalty:**    2 Years' Imprisonment, Consecutive to Any Other Sentence; 1 Year Supervised Release; $250,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**